**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4963**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

KEITH RAMONE MELVIN,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:07-cr-00035-D)

---

Submitted: May 14, 2008          Decided: June 3, 2008

---

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Ramone Melvin pled guilty, without a plea agreement, to possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Melvin was sentenced to 120 months' imprisonment. Finding no error, we affirm.

On appeal, Melvin initially contends that the district court erred in sentencing him based on facts that were neither charged, admitted, nor found by a jury beyond a reasonable doubt. However, after United States v. Booker, 543 U.S. 220 (2005), sentencing courts are still required to calculate the applicable advisory guideline range based on appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). We have previously noted that sentencing factors should continue to be evaluated based on the preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Thus, we conclude the district court properly determined Melvin's advisory guideline range based on facts found by a preponderance of the evidence.

Melvin also contends that his sentence is unreasonable. When determining a sentence, the district court must calculate the appropriate advisory guideline range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007);

see also <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).
Sentences within the applicable Guidelines range may be presumed
reasonable. <u>Pauley</u>, 511 F.3d at 473.

The district court followed the necessary procedural steps
in sentencing Melvin, appropriately treating the Sentencing
Guidelines as advisory, properly calculating and considering the
applicable Guidelines range, and weighing the relevant § 3553(a)
factors. Furthermore, Melvin's 120-month sentence, which is no
greater than either the Guidelines range or the statutory maximum,
may be presumed reasonable. Thus, we conclude Melvin has failed to
establish that the district court abused its discretion in imposing
the chosen sentence.

Accordingly, we affirm the judgment of the district court.
We dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before the
court and argument would not aid the decisional process.

<u>AFFIRMED</u>